IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST James T. BARR, Attorney at Law.

Supreme Court

*No. 90-2173-D. Filed February 25, 1991.*

(Also reported in 465 N.W.2d 647.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney James T. Barr to practice law in Wisconsin be suspended for six months as discipline for misconduct as personal representative and attorney for

an estate. In that estate, Attorney Barr obtained money from the decedent's brother by misrepresentation, denied having done so in the course of the investigation of the Board of Attorneys Professional Responsibility (Board) into allegations of his misconduct, failed to account for a debt he owed to the decedent and falsely represented to the probate court the purpose of the note evidencing the debt, failed to maintain complete records of all estate funds and property coming into his possession and failed to comply with the probate court's order to file a full accounting.

The six-month license suspension recommended by the referee is appropriate discipline for Attorney Barr's violations of his professional duty to collect and preserve the assets of the estate in which he acted and his duty to account for his receipt and disbursement of those assets. Moreover, by misrepresenting facts for purposes of his own financial gain, Attorney Barr placed his personal pecuniary interests above those of the estate he was serving.

Attorney Barr was admitted to practice law in Wisconsin in 1950 and practices in Waushara county. In 1988 he was publicly reprimanded by the Board for having failed to commence a divorce action on behalf of a client and for having undertaken the representation of the client's spouse in a paternity action in which the client was the complaining witness. The referee is Attorney Norman C. Anderson.

During the course of this proceeding, Attorney Barr pleaded no contest to the allegations of misconduct set forth in the Board's complaint. That plea was based on the facts that Attorney Barr was in very poor health and that four years previously a fire destroyed his law office and with it a substantial amount of the files concerning the estate in the representation of which he was alleged

to have engaged in misconduct. In his plea, Attorney Barr stated that it did not appear likely that he could properly defend the charges of professional misconduct.

On the basis of the no contest plea, the referee made the following findings of fact. After being appointed personal representative and retained as attorney in an estate in 1984, Attorney Barr received $160 from the decedent's brother for the purpose of obtaining a personal representative bond. Subsequently, Attorney Barr wrote a check on the estate account in the amount of $130 in payment of the bond but he never returned the $160 to the brother. During the Board's investigation, Attorney Barr denied under oath having received the $160.

Three years prior to the decedent's death, Attorney Barr borrowed $1,000 from the decedent, giving a mortgage note as evidence of the debt. Attorney Barr did not include that debt in the inventory of the estate nor did he disclose its existence to the probate court. He falsely represented to the court and to the heirs that the note he had given was a receipt for a retainer the decedent had paid him.

During probate, Attorney Barr received on behalf of the decedent interest payments totaling $562.34, which he was later unable to account for. He also wrote three checks on the estate account payable to "cash" totaling $100 and a $100 check payable to himself, but he was unable to explain or account for those funds. In addition, shortly after the decedent's death, Attorney Barr went to the decedent's home and removed numerous boxes of documents, as well as coins and other materials, but was unable to provide an accounting or documentation of what he had removed from the home.

In March, 1986, Attorney Barr resigned as personal representative of the estate and the court ordered him to

provide a full accounting of the estate affairs within 15 days. Attorney Barr failed to provide that accounting and the accounting he subsequently prepared failed to account for $4,161.62 of estate funds.

The referee concluded that Attorney Barr engaged in conduct constituting dishonesty, fraud and deceit, in violation of SCR 20.04(4),[1] by retaining the money he received from the decedent's brother to obtain a bond and by falsely denying receipt of that money. The referee also concluded that Attorney Barr violated that rule by failing to account in the estate for the debt he owed to the decedent and by his false representation to the court as to the purpose of the underlying note. Further, the referee concluded that Attorney Barr's failure to maintain complete records of all funds and other property coming into his possession in the matter violated SCR 20.50(2)(c)[2] and that his failure to comply with the court order to file a full accounting violated SCR 20.40(1).[3]

---

[1]SCR 20.04 provides:

**Misconduct.** A lawyer shall not:

. . .

(4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

[2]SCR 20.50 provides:

**Preserving identity of funds and property of a client.**

. . .

(2) A lawyer shall:

. . .

(c) Maintain complete records of all funds, securities and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(e).

[3]SCR 20.40 provides:

204

As discipline for this misconduct, the referee recommended that Attorney Barr's license to practice law be suspended for six months. Noting that the seriousness of the misconduct might justify more severe discipline, the referee noted the following factors as the basis for his recommendation: Attorney Barr's files concerning the estate had been destroyed in a fire, making it almost impossible for him to defend the charges of misconduct; he pleaded no contest to the charges; he suffers from cancer of the larynx, for which he has been receiving radiation treatments, with debilitating side effects. The referee also observed that, pursuant to SCR 22.28(4)(k),[4] in the event Attorney Barr seeks reinstatement of his license to practice law, he will be required to show that he has made restitution to those harmed by his misconduct or explain why he has failed to do so.

We adopt the referee's findings of fact and conclusions of law and we accept the recommendation for discipline.

---

**Trial conduct.** (1) A lawyer may not disregard or advise a client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding, but the lawyer may take appropriate steps in good faith to test the validity of the rule or ruling.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:3.4.

[4]SCR 22.28 provides:

**Reinstatement.**

. . .

(4) The petition for reinstatement shall show that:

. . .

(k) The petitioner has made restitution or settled all claims from persons injured or harmed by petitioner's misconduct or, if the restitution is not complete, petitioner's explanation of the failure or inability to do so.

IT IS ORDERED that the license of James T. Barr to practice law in Wisconsin is suspended for a period of six months, commencing March 25, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order James T. Barr pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James T. Barr to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that James T. Barr comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

CECI, J., dissents and would suspend Attorney Barr's license for two years.